1

2

3

4

5

6

7

8

9                 **IN THE UNITED STATES DISTRICT COURT**

10               **FOR THE EASTERN DISTRICT OF CALIFORNIA**

11

12   UNITED STATES OF AMERICA,                CASE NO. CR F 07-0300 LJO

13               Plaintiff,                   **ORDER ON DEFENDANT'S 28 U.S.C. § 2255
                                              MOTION TO VACATE, SET ASIDE OR**
14        vs.                                 **CORRECT SENTENCE**
                                              (Doc. 41.)
15   CHARLES A. HIPPS,

16               Defendant.
                                        /
17

18                           **INTRODUCTION**

19        Defendant Charles A. Hipps ("defendant") is a federal prisoner and proceeds pro se to seek to

20   vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). This Court

21   considered defendant's section 2255 motion on the record and denies defendant's requested relief as

22   untimely.

23                            **BACKGROUND**

24        Defendant entered into a December 3, 2007 plea agreement by which defendant entered a guilty

25   plea to hostage taking in violation of 18 U.S.C. § 1203. On March 17, 2008, defendant was sentenced

26   to 360 months imprisonment, and judgment was entered on March 18, 2008.

27        On March 13, 2012, defendant filed his section 2255 motion to claim apparently absence of his

28   knowingly and intelligent plea in that "law enforcement were subjecting me to cruel beatings and

                                        1

exposure to chemical agents to force a guilty pleas."

**DISCUSSION**

Section 2255(f) sets a one-year limitations period running from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Defendant's section 2255 motion is untimely. His judgment of conviction was finalized on March 18, 2008, five years prior to defendant's filing his section 2255 papers. Defendant alleges no government-created impediment to seek section 2255 relief, and none is present. Defendant's papers reflect no newly recognized rights which have been made retroactive to cases on collateral review. Defendant's claims of mental deficiencies fail to justify a five-year delay to seek section 2255 relief, especially given his fanciful claims. Defendant's delay negates exercise of due diligence to discover facts to support his claim. The one-year limitations period expired prior to defendant's untimely 2255 motion.

**Certificate Of Appealability**

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *see Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996). A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4, 103 S.Ct. 3382, 3394-3395, n. 4 (1983). In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds no jurist of reason could debate the

correctness to deny defendant collateral relief. *See Barefoot*, 463 U.S. at 893, n. 4, 103 S.Ct. at 3394-3395, n. 4; *Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993). On the merits of this case, reasonable jurists would not debate the constitutionality of defendant's conviction. A certificate of appealability is improper.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES defendant section 2255 relief and a certificate of appealability.

IT IS SO ORDERED.

**Dated:    March 18, 2013          /s/  Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE